IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JUL 17 PM 4:26

CLERK
SO. DIST. OF GA.

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CHARLES EDWARD MOXLEY,          )
                                )
                    Plaintiff,  )
                                )
          v.                    )          CV 111-024
                                )
GREGORY T. COURSEY, Sheriff,    )
et al.,                         )
                                )
                    Defendants. )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, who is currently incarcerated at Macon State Prison in Macon, Georgia,

brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Although Plaintiff initially

moved to proceed *in forma pauperis* ("IFP"), he then proceeded to pay the full $350.00 filing

fee.[2] Defendants waived service, following which they filed a joint answer (doc. no. 11) and

a motion for summary judgment (doc. no. 26), the latter of which is currently before the

Court. Also before the Court is Plaintiff's cross-motion for summary judgment (doc. no. 29),

as well as his "Motion of Summarized Established Record" (doc. no. 30), in which he

---

[1] Although he is currently confined at Macon State Prison, Plaintiff's claims concern events that allegedly occurred in Burke County, Georgia. (See doc. no. 1.)

[2] Upon the filing of his initial motion to proceed IFP, the Court directed Plaintiff to return the forms needed to process his IFP application. (Doc. no. 3.) Plaintiff paid the filing fee in full rather than returning the IFP forms.

attempts to set forth facts in support of his own summary judgment motion and against Defendants' motion.[3] Defendants oppose these motions. (Doc. no. 33.)

Before reaching these motions, however, the Court will screen Plaintiff's complaint to clarify which of his attempted claims are properly before the Court. As Plaintiff is not proceeding IFP, his pleadings are not subject to the screening provision of 28 U.S.C. § 1915(e)(2). See Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP"). However, because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his pleadings are subject to screening under 28 U.S.C § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. 28 U.S.C. § 1915A; Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*). Pleadings by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may review Plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A.

---

[3]When the time for responding to Defendants' motion had expired and Plaintiff had submitted these filings but had not specifically responded to Defendants' summary judgment motion, the Court issued an Order explaining the ramifications of failing to file a response to Defendants' motion, granting an additional 14 days in which to respond, and directing Plaintiff to file a response within the allotted time. (Doc. no. 32.) Plaintiff did not respond as directed, but rather filed a document entitled "Objections to Motion for Summary Judgment" several months later, without offering any reason for the tardiness of the response. (Doc. no. 36.) Because this response was filed outside the time limit set by the Court, it will not receive consideration. Of note, were the Court to allow the untimely filing, it would make no difference in the resolution of this matter, as it primarily reiterates the assertions from Plaintiff's complaint and summary judgment motion.

## I.  SCREENING OF PLAINTIFF'S COMPLAINT

### A.  Allegations in Complaint

Plaintiff names the following Defendants in this action:  (1) Burke County Sheriff Gregory T. Coursey; (2) James Hollingsworth,[4] an officer with the Burke County Sheriff's Office; (3) John Bush, Jr.; (4) Stacey Williams,[5] a nurse at Burke County Jail; (5) Burke County Jail; (6) the "Nursing Staff" at Burke County Jail; (7) and Jane Doe, the head nurse at Burke County Jail.  (Doc. no. 1, pp. 1, 4.)

Plaintiff alleges that his current incarceration somehow resulted from the burglary of his home by his daughter and various other individuals.  (Id. at 5-6.)  Plaintiff states that he reported the burglary to Defendant Coursey, who refused to arrest the individuals that burglarized Plaintiff's home because of his personal friendship with Plaintiff's daughter.  (Id. at 6.)  Plaintiff also complains that he repeatedly wrote letters to Defendants Coursey and Hollingsworth and that they would not communicate with him regarding his criminal case or the alleged burglary of his house.  (Id.)  While Plaintiff does not explain how these purported events led to his incarceration, he states that he "was forced into signing a plea by being threatened with [a sentence of imprisonment of 80 years]."[6]  (Id.)

---

[4]Contrary to Plaintiff's complaint, Defendants' filings indicate that the correct spelling of this Defendant's name is "Hollingsworth." (See, e.g., doc. no. 26, p. 1.) The **CLERK** is **DIRECTED** to modify the docket accordingly.

[5]Plaintiff's complaint refers to Defendant Williams as "Stacy (the nurse)." (Doc. no.1, p. 4.) However, the Court will refer to her by her proper name, Stacey Williams, which was provided in Defendants' later filings. (See, e.g., doc. no. 26-1, p. 1.) In addition, the **CLERK** is **DIRECTED** to modify the docket accordingly.

[6]Plaintiff does not identify who allegedly forced him to plead guilty. (See doc. no. 6, p. 1.)

Plaintiff's complaint also sets forth a number of allegations regarding his confinement at Burke County Jail. Plaintiff complains that a jail guard not named as a defendant in this action endangered him by informing his cell mate of the crime for which he was incarcerated.[7] (Id. at 5.) Plaintiff also claims that an unnamed jail guard placed him in a cell with a smoker, despite the fact that he has asthma and a heart condition. He alleges that on another occasion, he was placed in the nurse's station with a smoker, which he states resulted in his being "[i]n very close quarters with cigarette smoke." According to Plaintiff, he asked to be moved, but jail officials, whom he does not identify, refused his request. (Id.)

Plaintiff also alleges that, on another occasion, he required medical attention because he ran out of his medication. According to Plaintiff, Defendant Williams refused to provide the required medication in a timely fashion and would not allow him to visit a doctor, stating that he "would be lucky if she did anything for [him] due to [his] charges." (Id.)

In his demand for relief, Plaintiff seeks monetary damages, and he also requests that the Court grant him a new trial. (Id. at 7.)

**B.      Screening Analysis**

### 1.      The Burke County Jail and Its "Nursing Staff" Are Not Proper Defendants

Plaintiff's allegations are insufficient to state a claim against Defendant Burke County Jail, which is not subject to liability in a § 1983 suit such as this one. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is be determined . . . by the law of the state where the court is located. . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit

---

[7]Plaintiff does not provide the nature of the offense of which he was convicted. (See doc. no. 1.)

4

there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Plaintiff has not shown, and the Court is not aware of, any applicable precedent for recognizing a county jail as an entity capable of being sued for violation of § 1983, and other federal courts in Georgia confronted with similar suits have determined that jails are not legal entities subject to liability in § 1983 claims. E.g., Sebastian v. Maynard, Case No. 5:10-CV-221, 2010 U.S. Dist. LEXIS 86017, at *4 (M.D. Ga. July 12, 2010) (holding that county detention center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett County Det. Ctr. Med. Admin. Med. Doctors, Case No. 1:09-cv-1966, 2009 U.S. Dist. LEXIS 71419, at *2 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). In accordance with these decisions, as well as Plaintiff's failure to show that Burke County Jail is subject to a § 1983 suit, the Court finds that Burke County Jail is not subject to liability for any of the allegations in Plaintiff's complaint.[8] Plaintiff has therefore failed to state a valid claim against Defendant Burke County Jail, and it should be dismissed from this case.

---

[8]Even if Burke County Jail were capable of being sued for violating § 1983, it could not be held liable for the actions of jail officials on the basis of *respondeat superior*, and Plaintiff has failed to allege that Burke County Jail, as an entity, actually participated in or was causally connected to the alleged constitutional violations. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, a claim against Burke County Jail would be subject to dismissal even if it were capable of being sued in a § 1983 claim.

The "Nursing Staff" at Burke County Jail is also an improper defendant. Rule 10(a) of the Federal Rules of Civil Procedure requires the complaint to provide the names of all parties. While "plaintiffs . . . may sue 'John Doe' defendants under certain circumstances," Moulds v. Bullard, 345 F. App'x 387, 390 (11th Cir. 2009) (*per curiam*), Plaintiff may only bring § 1983 claims against particular individuals whose conduct violates his constitutional rights, and he may not proceed with claims against a general group, such as the entire nursing staff of a jail. See LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) ("[S]ection 1983 'requires proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation.'" (quoting Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (emphasis added))); see also Keith v. Stewart, Case No. 3:05-CV-27, 2006 U.S. Dist. LEXIS 54934, at * 11 (N.D. Ga. Aug. 8, 2006) (crediting the defendants' assertion and the plaintiff's concession that "the 'Sheriff Department Medical Staff . . . is not an entity amenable to suit under Georgia law"); Taylor v. Martin, Case No. 1:00-cv-724, 2000 U.S. Dist. LEXIS 15836, at *15-17 (W.D. Mich. Oct. 26, 2000) (barring plaintiff from proceeding with § 1983 claim against entire prison medical staff and requiring that he name a proper individual defendant). Therefore, the Burke County Jail "Nursing Staff" should also be dismissed from this case as an improper Defendant.

## 2.    No Allegations Against Defendants Bush or Doe

Plaintiff also fails to state a claim against Defendants Bush and Doe. Plaintiff does not mention Defendants Bush and Doe in his complaint aside from naming them in the caption. However, as noted previously, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law

and the constitutional deprivation." LaMarca, 995 F.2d at 1538 (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between an alleged unconstitutional deprivation and the actions of Defendants Bush and Doe, Plaintiff fails to state a claim for relief against these Defendants, and they should be dismissed from this case.[9]

### 3. Failure to State a Viable § 1983 Claim Against Defendants Coursey and Hollingsworth

Plaintiff appears to attempt to raise a claim based on his allegation that Defendants Coursey and Hollingsworth did not arrest his daughter and the other individuals purportedly responsible for burglarizing his house, despite the fact that he repeatedly wrote them letters regarding the matter. However, the law is well settled that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that

_____

[9]The Court's prior observation that plaintiffs may name "Doe" defendants under certain circumstances, see supra Part I.B.1, does not change the fact that any defendant, including an unnamed "Doe" defendant, is subject to dismissal where the complaint fails to allege some connection between the defendant and a legal wrong. See Douglas, 535 F.3d at 1321-22.

there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted). Therefore, Plaintiff's assertion that Defendants improperly failed to make arrests based on his complaints fails to state a claim upon which relief may be granted. Plaintiff also fails to state a viable § 1983 claim to the extent that he complains that Defendants Coursey and Hollingsworth refused to communicate with him his about his own criminal case, as he has provided nothing to explain how a law enforcement officer's refusal to communicate with a represented criminal defendant would violate any constitutional right such that liability might obtain in a § 1983 action. (See doc. no. 1, pp. 5-6.)

Additionally, to the extent that Plaintiff attempts to hold Defendant Coursey, the Sheriff of Burke County, responsible for the acts of his subordinates, including other Defendants in this case, he fails to state a viable § 1983 claim. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley, 193 F.3d at 1269 (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff does not state that Defendant Coursey actually participated in any alleged constitutional violation, aside from those the Court previously discussed as insufficient to give rise to a viable § 1983 claim. Similarly, Plaintiff fails to allege a "causal

connection" between Defendant Coursey and any alleged constitutional violation involving his subordinates. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[10] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendant Coursey. Accordingly, Plaintiff has failed to state a viable supervisory liability claim against Coursey.

In sum, Plaintiff's complaint fails to state a claim upon which relief may be granted against Defendants Coursey and Hollingsworth. As a result, they should be dismissed from this action.

### 4. Failure to State a Viable § 1983 Claim for Exposure to Environmental Tobacco Smoke

Plaintiff's allegations regarding forced exposure to environmental tobacco smoke ("ETS") at Burke County Jail also fail to state a viable § 1983 claim.

---

[10]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

The Eighth Amendment imposes a duty on jail officials to provide humane conditions of confinement. Accordingly, a prisoner can state a § 1983 claim for a violation of the Eighth Amendment by alleging "that [jail] officials have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005) (quoting Helling v. McKinney, 509 U.S. 25, 35-36 (1993)) (punctuation omitted). However, to state a valid ETS claim, the facts alleged must satisfy two elements, one objective and one subjective. Id.

Regarding the objective factor, the prisoner must allege facts showing "that he himself is being exposed to unreasonably high levels of ETS." Id. In determining whether the prisoner has satisfied the objective element, the Court must inquire whether "the risk to his health is so grave as to violate contemporary standards of decency." Giddens v. Calhoun State Prison, 277 F. App'x 847, 847-48 (11th Cir. 2007) (per curiam).

As for the subjective factor, the prisoner must allege facts that demonstrate that prison authorities demonstrated a 'deliberate indifference' to his plight." Id. Deliberate indifference requires "three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Cassady v. Donald, 447 F. App'x 28, 30 (11th Cir. 2011) (per curiam) (quoting Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004)); Giddens, 277 F. App'x at 848.

Here, the extent of Plaintiff's allegations regarding his ETS exposure are that an unnamed jail guard placed him in a cell with a smoker, despite the fact that he has asthma and a heart condition; that he was placed in the nurse's station with a smoker, which he states resulted in his being "[i]n very close quarters with cigarette smoke"; and that he asked unnamed jail officials to move him from the nurse's station, but they refused his request.

10

(Id.) Initially, these allegations fail to state a viable claim because they do not indicate that any named Defendant was responsible for Plaintiff's alleged ETS exposure.[11] See Douglas, 535 F.3d at 1321-22 (noting that the complaint must state how a named defendant's overt acts caused a legal wrong); see also Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (noting that a defendant's conduct must cause the plaintiff's injury in order for the defendant to be liable on an Eighth Amendment § 1983 claim).

Furthermore, Plaintiff's allegations are insufficient to meet either the objective or subjective elements of his attempted ETS claim. Regarding the objective element, Plaintiff's allegation that he was temporarily confined near inmates who smoked on two occasions, without any indication that he was exposed to ETS for a significant duration, fails to demonstrate that he was exposed to unreasonably high levels of ETS such that he suffered a risk to his health so grave as to violate contemporary standards of decency. Compare, e.g., Kelley, 400 F.3d at 1285 (finding allegations that inmates in prisoner's pod smoked and that ventilation was poor inadequate to satisfy objective prong), Oliver v. Deen, 77 F.3d 156, 158-60 (7th Cir. 1996) (affirming summary judgment against claimant who had mild asthma and spent 133 days with cell mates who smoked), and Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001) (affirming dismissal of IFP complaint where claimant only alleged "intermittent exposure to smoke during bus rides"), with Rochon v. City of Angola, 122 F.3d 319, 320 (5th Cir. 1997) (finding prisoner stated a viable claim by alleging that he was "required to live and work in environments filled with tobacco smoke"), and Whitley v. Hunt, 158 F.3d 882, 888 (5th Cir. 1998) (finding prisoner stated a viable claim by alleging

---

[11]As noted above, Plaintiff's complaint is inadequate to the extent that he seeks to hold Defendant Coursey liable for the alleged ETS exposure because of his supervisory position. See supra Part I.B.3

he was forced to sleep in smoking dorm for 13 weeks), *overruled on other grounds by* Booth v. Churner, 532 U.S. 731 (2001). See generally Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992) (explaining that the objective component requires ETS exposure that causes a "serious medical threat, not just discomfort" and that "mere exposure to ETS, without more, does not constitute a deprivation of a prisoner's Eighth Amendment rights").

As for the subjective element of his attempted ETS claim, Plaintiff's allegation that he requested unnamed jail officials to move him from the nurse's station on one of the occasions that he was exposed to ETS fails to show that any Defendant in this action was aware of or improperly disregarded a serious risk to his health caused by ETS exposure. See Cassady, 447 F. App'x at 30; Giddens, 277 F. App'x at 848.

In sum, Plaintiff's allegations of ETS exposure at Burke County Jail fail to state a viable § 1983 claim.

### 5. Improper § 1983 Claim Based on Allegedly Wrongful Conviction

As noted previously, Plaintiff alleges he "was forced into signing a plea by being threatened with [a sentence of imprisonment of 80 years]," and he requests that, as a result, the Court grant him a new trial. (Doc. no. 1, pp. 6-7.) This relief, of course, would require the Court to vacate the conviction pursuant to which Plaintiff is currently incarcerated.

Plaintiff's claim of an improper conviction is barred under Heck v. Humphrey, in which the Supreme Court held that when an inmate's allegations rest on the invalidity of his conviction or imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994). The Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at

487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Here, Plaintiff contends that the purported coercion of his guilty plea caused him to be wrongfully convicted. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Therefore, Plaintiff's assertion that he was wrongfully convicted fails to state a § 1983 claim upon which relief may be granted.

### 6. Claim Against Defendant Williams for Deliberate Indifference to a Serious Medical Need

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably stated a viable claim against Defendant Williams for deliberate indifference to

his serious medical needs.[12] See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Because this claim against Defendant Williams is Plaintiff's only viable claim, the Court the Court **REPORTS** and **RECOMMENDS** that Defendants Coursey, Hollingsworth, Bush, and Doe, as well as the Burke County Jail and the "Nursing Staff" at Burke County Jail, be **DISMISSED** from this action.

## II.   SUMMARY JUDGMENT MOTIONS

Having screened Plaintiff's complaint and determined that the only claim properly before the Court is Plaintiff's claim against Defendant Williams for deliberate indifference to serious medical needs, the Court will turn to the parties' cross-motions for summary judgment. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED** (doc. no. 26); that Plaintiff's motion for summary judgment and "Motion of Summarized Established Record" be **DENIED** (doc. nos. 29, 30); that a final judgment be **ENTERED** in favor of Defendant Williams; and that this civil action be **CLOSED**.

### A.   Facts

As noted above, Plaintiff alleges in his complaint that, while incarcerated at Burke County Jail, he required medical attention because he ran out of his medication, and Defendant Williams refused to provide his medication in a timely fashion and refused to

---

[12]In finding that Plaintiff has *arguably* stated an Eighth Amendment claim against Defendant Williams, the Court notes that Plaintiff's complaint provides scant information concerning the factual details underpinning his claim, such as the type of medication Defendant Williams failed to timely provide and the nature of any injury suffered as a result of Defendant Williams' actions. (See doc. no. 1, p. 6.) However, because the parties' motions addressed below provide sufficient factual detail regarding the claim, the Court will proceed to evaluate the merits of Plaintiff's claim in the summary judgment context rather than requiring that he perfect his pleadings as to that claim.

allow him to visit a doctor. Plaintiff further alleges that Defendant stated that he "would be lucky if she did anything for [him] due to [his] charges." (Doc. no. 1, p. 5.)

In conjunction with their motion for summary judgment, Defendants have submitted the affidavit testimony and treatment notes of Defendant Williams. Defendant Williams affirms that she was responsible for Plaintiff's medical care, commensurate with her role as a nurse at Burke County Jail during the time period in which Plaintiff was incarcerated there from around May through December of 2010. (Doc. no. 26-1, p. 1.) Defendant Williams' treatment notes indicate that, upon his arrival at Burke County Jail, he suffered from high blood pressure, acid reflux, asthma, and a heart condition; the notes further indicate that the medications he was taking upon arrival included Lisinopril, Ranitidine, and Darvocet. (Id. at 2.) Defendant Williams attests that "[a]t no time was [Plaintiff] denied medical care or prescription drugs." (Id. at 1.) Defendant Williams states that one of Plaintiff's medications, Darvocet, was discontinued by the manufacturer during his incarceration, but Plaintiff did not request a replacement medication after it became unavailable. (Id.)

In addition, Defendant Williams' treatment notes document that, in May of 2010, Plaintiff was taken to a local emergency room because he complained of chest pains. The notes indicate that no cardiac problems were detected and that Plaintiff was returned to Burke County Jail, where he was monitored for further issues. (Id. at 2.) Defendant Williams denies having withheld treatment due to Plaintiff's charges, although she indicates that Plaintiff accused of doing so on several occasions. (Id. at 2-3.)

15

Plaintiff attempts to dispute this evidence in his "Motion of Summarized Established Record."[13] (Doc. no. 30.) In particular, Plaintiff avers that on several occasions, Defendant Williams delayed needed medical treatment by failing to provide him with required medications, including blood pressure medication and Darvocet, at the proper times as directed by his doctor. (See id. at 2-4.) Plaintiff states that this caused various "compilations," including "nose bleeds, head aches, [and] nausea," as well as "exceedingly" high blood pressure. (Id. at 3-4.) Plaintiff affirms that, when he visited the emergency room in May of 2010, it was determined that he "was having no major cardiac complications," but he complains that Defendant Williams had him transferred back to Burke County Jail rather than allowing him to stay over night for additional observation. (Id. at 3.) According to Plaintiff, upon his transfer to a different facility in June of 2010, he began to receive proper treatment for his medical needs in that he was administered all of his medications as instructed by his doctor. (Id. at 5.)

**B.      Discussion**

**1.      Summary Judgment Standard**

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P.

---

[13]Defendants contend that the factual assertions set forth in Plaintiff's "Motion of Summarized Established Record" should not be considered because they are not "submitted under oath[,] so the document cannot be considered as an affidavit." (Doc. no. 33.) However, the Court notes that Plaintiff's "Motion of Summarized Established Record" appears to have been submitted in a single envelope with Plaintiff's motion for summary judgment and accompanying "Material Facts Notice," which is signed and notarized, suggesting that the filings may qualify as an affidavit. (See doc. no. 29-1, p. 2.) In any event, the Court need not resolve the issue of the propriety of the factual assertions from "Motion of Summarized Established Record" because, as explained below, even considering those assertions, the Court finds that Defendant Williams is entitled to summary judgment.

56(a).  Applicable substantive law identifies which facts are material in a given case.[14] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party."  United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc).  On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial.  Clark, 929 F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).  Merely stating that the non-moving party cannot meet its burden at trial is not sufficient.  Id. at 608.  Evidence presented by the movant is viewed in the light most favorable to the non-moving party.  Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  Clark, 929 F.2d at 608.  The non-moving party cannot carry its burden

---

[14]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important.  That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### 2.  Merits of Plaintiff's Claim

As noted above, Plaintiff asserts in his complaint and "Motion of Summarized Established Record" that Defendant Williams acted with deliberate indifference to his serious medical needs in that she refused to allow him to see a doctor on one occasion and delayed needed medical treatment by failing to provide him with required medications at the proper times as directed by his doctor. He also appears to assert that Defendant Williams acted with deliberate indifference during his visit to the local emergency room by having him transferred back to Burke County Jail for continued monitoring rather than allowing him to stay over night for additional observation. (Doc. nos. 1, 30.) In his motion for summary judgment, Plaintiff asserts that judgment should be granted in his favor in light of the facts set forth in his complaint and "Motion of Summarized Established Record." (Doc. no. 29.) Defendants, on the other hand, contend that summary judgment should be granted in Defendant Williams' favor on Plaintiff's deliberate indifference claim, arguing that Plaintiff has failed to demonstrate an objectively serious deprivation of medical care or knowing disregard of a substantial risk to Plaintiff's health. (Doc. no. 26.) Defendants have the better argument.

To prevail on a claim of deliberate indifference to serious medical needs, Plaintiff must show: (1) that he had an objectively serious medical need, (2) that Defendants acted with deliberate indifference to that need, and (3) that his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the requirement of showing an objectively serious medical need, a prisoner must show that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To show that Defendant Williams was deliberately indifferent to his medical needs, Plaintiff must offer proof that she: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) that she disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

In addition, as a prisoner plaintiff seeking to show that a delay in medical treatment amounted to deliberate indifference, Plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Hill, 40 F.3d at 1188 (11th Cir.1994), *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners."). Whether such delay

amounts to deliberate indifference to a serious medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." West, 320 F.3d at 1243 (internal quotation and citation omitted). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 105-06. Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Here, Plaintiff asserts that, because of the conduct of Defendant Williams, there were time periods during his confinement at Burke County Jail in which he was not provided with required medications or was not provided with such medication at the proper times as directed by his doctor. (Doc. nos. 1, 30.) As a result, it is apparent that he seeks to recover based on the delay in his treatment purportedly caused by Defendant Williams' actions.

Therefore, as noted previously, he must place verifying medical evidence in the record to establish the detrimental effect of the delay in his treatment. Hill, 40 F.3d at 1188.

Plaintiff has failed to meet this requirement. Plaintiff has not identified any medical evidence in the record concerning an injury related to these claims, and his only allegation of injury resulting from the delay in his treatments is that he had high blood pressure on a single occasion and suffered nose bleeds, head aches, and nausea.[15] However, the medical evidence produced by Defendants, which includes Plaintiff's treatment notes and Nurse Williams' affidavit testimony, fails to disclose any serious injury. (See doc. no. 26-1.)

Furthermore, assuming the medical conditions from which Plaintiff suffered upon his arrival at Burke County Jail constitute serious medical needs, Plaintiff has failed to show deliberate indifference on the part of Defendant Williams. Aside from the unsubstantiated allegation in his complaint that Defendant Williams made disparaging remarks regarding Plaintiff's charges, Plaintiff has produced nothing to suggest that Defendant Williams disregarded any known risk to Plaintiff's health by following a course of action that amounted to, let alone exceeded, negligence. See Goebert, 510 F.3d at 1326. Indeed, it is undisputed that the reason Plaintiff was denied access to one of his medications, Darvocet, was that the medication was discontinued by its manufacturer, an occurrence outside the control of Defendant Williams. Moreover, Plaintiff also falls short with his assertions that Defendant Williams did not allow him to see a doctor on one occasion and, following an emergency room visit, had him transferred back to Burke County Jail for continued monitoring rather than allowing him to stay over night for observation at the hospital. These

---

[15]Notably, Plaintiff provides no information regarding the frequency or severity of his nose bleeds, head aches, and nausea. Nor does Plaintiff explain how the lack of any specific medication caused these symptoms. (See doc. no. 30, p. 5.)

allegations fail to show anything beyond a difference in opinion as to a course of treatment, which is insufficient to give rise to an Eighth Amendment violation. See Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (noting that a difference in opinion as to a course of treatment does not rise to the level of constitutional violation).

In sum, Defendants have met their burden of showing that Plaintiff cannot satisfy the required elements of his Eighth Amendment claim against Defendant Williams, and Plaintiff has failed to show a material issue of fact that precludes summary judgment. Therefore, the Court concludes that Defendant Williams is entitled to judgment as a matter of law. Accordingly, Defendants' motion for summary judgment should be granted, and Plaintiff's motion for summary judgment, as well as his "Motion of Summarized Established Record," should be denied.

## III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendants Coursey, Hollingsworth, Bush, and Doe, as well as the Burke County Jail and the "Nursing Staff" at Burke County Jail, be **DISMISSED** from this action due to Plaintiff's failure to state a valid claim against any of them. The Court further **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED** as to Plaintiff's Eighth Amendment claim against Defendant Williams (doc. no. 26); that Plaintiff's motion for summary judgment and "Motion of Summarized Established Record" be **DENIED** (doc. nos.

29, 30); that a final judgment be **ENTERED** in favor of Defendant Williams; and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of July, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE